# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

STATELINE MAINTENANCE AND
CONSTRUCTION, LLC, and ERNEST
COGER, JR.,

   Plaintiffs,

v.

DETROIT PUBLIC LIGHTING AUTHORITY,
A corporate body politic, and DR. LORNA THOMAS,
individually and as President of the Board of the
Detroit Public Lighting Authority; PATRICK
PADGETT, individually and as Treasurer of the
Detroit Public Lighting Authority; ROD PARKER,
individually and as Secretary of the Board of the
Detroit Public Lighting Authority; RIC PREUSS,
individually and as Board member at large for the
Detroit Public Lighting Authority; MELVIN
"BUTCH" HOLLOWELL, individually and as Board
member of the Detroit Public Lighting Authority;
BEAU TAYLOR, individually and as Executive
Director of The Detroit Public Lighting Authority,
   Defendants.

Case No. 2:20-cv-13063
Hon. Mark A. Goldsmith

Magistrate Judge:
Hon. Kimberly G. Altman

MOTION AND BRIEF IN
SUPPORT TO DISMISS
PLAINTIFFS' AMENDED
COMPLAINT ON BEHALF
OF DEFENDANTS DETROIT
PUBLIC LIGHTING
AUTHORITY, DR. LORNA
THOMAS, PATRICK
PADGETT, ROD PARKER,
RIC PREUSS, MELVIN
HOLLOWELL, AND BEAU
TAYLOR

_____/

Anthony Adams (P33695)
MARINE ADAMS LAW PC
400 Renaissance Center, Suite 2600
Detroit, Michigan 48243
(313) 961-5535
aadams@marineadamslawpc.com
*Attorney for Plaintiffs*

Monica N. Hunt (P68838)
Monifa K. Gray (P69072)
THE ALLEN LAW GROUP, P.C.
3011 West Grand Boulevard, Ste 2500
Detroit, Michigan 48202
(313) 871-5500
mhunt@alglawppc.omc
mgray@alglawpc.com
*Attorneys for Defendants*

_____/

Defendants Detroit Public Lighting Authority, Dr. Lorna Thomas, Patrick Padget, Rod Parker, Ric Pruess, Melvin Hollowell and Beau Taylor respectfully request that this Honorable Court dismiss the claims of Plaintiffs Stateline Construction and Maintenance, LLC and Ernest Coger pursuant to Federal Rules of Civil Procedure 12(b)(6) and (c) for the reasons set forth in the attached Brief.

LOCAL RULE CERTIFICATION: I, Monica N. Hunt, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch or 14 point. I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Further, the undersigned counsel certifies that counsel personally spoke to opposing counsel on December 28, 2020 explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

Respectfully Submitted,

**THE ALLEN LAW GROUP, P.C.**

By:   /s/ Monica N. Hunt
      Monica N. Hunt (P68838)
      Monifa K. Gray (P69072)
      3011 W. Grand Blvd., Suite 2500
      Detroit, Michigan 48202
      (313) 871-5500

## **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED …………………………….…… v

TABLE OF AUTHORITIES ………………………………………….….. v

INTRODUCTION ………………………….……………………….. 1

SUMMARY OF PERTINENT COMPLAINT ALLEGATIONS ……………....… 2

ARGUMENT ……………………………………………………..…….. 4

    I.      Standard of Review ……………………………………..…… 4

    II.    Plaintiffs fail to State a Claim under 42 U.S.C. § 1981
            against the PLA Defendants ……………………………… 5

            A.    Controlling Legal Principals ……………………… 5

            B.    Plaintiffs *cannot* state a Claim under 42 U.S.C.
                 § 1981 against the PLA Defendants as a Matter of Law ……. 6

            C.    Assuming Arguendo that Plaintiffs could state a
                 Claim under 42 U.S.C. §1981 against the PLA
                 Defendants, the Claim is Not Facially-Plausible ……….…….. 7

                 1.    Plaintiffs fail to Allege that the PLA
                      Defendants Intentionally Discriminated
                      Against Them Racially ………………………....… 7

                 2.    Plaintiffs fail to Allege that the PLA Defendants
                      Abridged a Right enumerated in 42 U.S.C. § 1981(a) ... 9

    III.   Plaintiffs fail to Allege that the PLA Defendants Abridged a Right
            enumerated in 42 U.S.C. § 1983 ……………………………….. 11

            A.    Controlling Legal Principals ………………..…………… 11

            B.    Plaintiffs fail to state a 1983 Claim against PLA
                 Defendants …………………………………………….….. 12

## TABLE OF CONTENTS (CONT.)

IV.   Plaintiffs' Civil Conspiracy Claim Pursuant to 42 USC § 1985(3) Must be Dismissed ……………………………………………… 15

V.   Plaintiffs' Claims Under the Michigan Constitution Must be Dismissed ……………………………………………………….. 17

VI.   Plaintiffs' Cannot Establish a Prima Facie Claim for Tortious Interference with Business or Prospective Business Relations ……..19

VII.   Plaintiffs' Cannot Establish a Prima Facie Claim for Accounts Stated …………………………………………………..21

REQUEST FOR RELIEF ………………………………………………….. 24

## **STATEMENT OF ISSUES PRESENTED**

Whether this Honorable Court should dismiss Plaintiffs' Claim under 42 U.S.C 1981 against the PLA Defendants in Count I of their Complaint for failure to state a claim.

     The PLA Defendants answer "Yes"

Whether this Honorable Court should dismiss Plaintiffs' Claim under 42 U.S.C 1983 against the PLA Defendants in Count II of their Complaint for failure to state a claim.

     The PLA Defendants answer "Yes"

Whether this Honorable Court should dismiss Plaintiffs' Claim under 42 U.S.C 1985(3) for Civil Conspiracy against the PLA Defendants in Count III of their Complaint for failure to state a claim.

     The PLA Defendants answer "Yes"

Whether this Honorable Court should dismiss Plaintiffs' Claim under the Michigan Constitution Article I, Section 2 and 17 against the PLA Defendants in Count IV of their Complaint for failure to state a claim.

     The PLA Defendants answer "Yes"

Whether this Honorable Court should dismiss Plaintiffs' Claim for Tortious Interference with Business or Prospective Business Relations in Count V of their Complaint for failure to state a claim.

     The PLA Defendants answer "Yes"

Whether this Honorable Court should dismiss Plaintiffs' Claim for Account Stated in Count VI of their Complaint failure to state a claim.

     The PLA Defendants answer "Yes"

# CONTROLLING AUTHORITIES

*Arendale v. City of Memphis*
   519 F.3d (6th Cir. 2008) ……………………………………..……….. 6

*Club Italia Soccer & Sports Org., Inc v. Charter Twp. Of Shelby*
   479 F.3d 286 (6th Cir. 2006) ……………………………….………… 8

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*
   926 F.2d 505 (6th Cir. 1991) ………………………………………… 16, 17

*Michigan Podiatric Medical Ass'n v. Nat'l Foot Care Program*
   175 Mich. App. 723 (1989) …………………………………..……….. 19

*Transco Secur., Inc. v. Freeman*
   639 F.2d 318 (6th Cir. 1981) ………………….…..……………………… 11, 13

# TABLE OF AUTHORITIES

*Alkire v. Irving*
 330 F.3d 802 (6th Cir. 2003) ………………………………………………..… *14*

*Amadasu v. The Christ Hosp.*
 514 F.3d 504 (6th Cir. 2008) …………………………………………....… 16

*Amini v. Oberlin College*
 440 F.3d 350 (6th Cir. 2006) …………………………….…….…….. 5, 6

*Arendale v. City of Memphis*
 519 F.3d (6th Cir. 2008) …………………………………………..……….. 6

*Ashcroft v. Iqbal*
 556 U.S. 662, (2009) ……………………………………………….…… 4, 5

*Baker v. Couchman*
 271 Mich. App. 174 (2006) ………………………………………..…… 20

*Bell Atl. Corp. v. Twombly*
 550 U.S. 544, 570 (2007) …………………………………………….. 4

*Board of Regents v. Roth*
 408 U.S. 564, (1972) …………………………………………………… 9

*Bobo v. United Parcel Service, Inc.*
 665 F.3d 741 (6th Cir. 2012) …………………………...………………. 8

*Boddie v. Connecticut*
 401 U.S. 371 (1971) ……………………………………..……….. 13

*BPS Clinical Laboratories v. Blue Cross & Blue Shield of Michigan*
 217 Mich. App. 687 (1996) …………………………………………..… 20

*Brandon v. Holt*
 *469 U.S. 464 (1985) …………………………………………………….…….. 14*

*Braun v. Ann Arbor Charter Twp.*
 519 F.3d 564 (6th Cir. 2008) …………………………….…………… 8

*Bray v. Alexandria Women's Health Clinic*
    506 U.S. 263, (1993) …………………………………………………... 15

*Carmichael v. City of Cleveland*
    571 Fed. Appx. 426 (6th Cir. 2014) ……………………………………… 6

*Cavanaugh v. McBride*
    33 F. Supp. 3d 840 (E.D. Mich. 2014) …………………………....…….. 14

*Christian v. WalMart Stores, Inc.*
    252 F.3d 862 (6th Cir. 2001) …………………..……………….………….. 5

*Club Italia Soccer & Sports Org., Inc v. Charter Twp. Of Shelby*
    479 F.3d 286 (6th Cir. 2006) …………………………………….………… 8

*Cmi Int'l v. Intermet Int'l Corp.*
    251 Mich. App. 125 (2002) …………………………………………...….. 19

*Cook v. Little Caesar Enters., Inc.*
    210 F.3d 653 (6th Cir. 2000) …………………………..…………………… 21

*Cummins v. Robinson Twp.*
    283 Mich. App. 677 (2009) …………………………………………………. 17

*Curtis Ambulance v. Shawnee Bd. Of County Comm'rs*
    811 F.2d 1371 (10th Cir. 1987) ………………………………………….... 10

*Dibrito v. City of St. Joseph*
    675 Fed. Appx. 593 (6th Cir. 2017) ……………………………………… 12

*Directv, Inc. v. Treesh*
    487 F.3d 471 (6th Cir. 2007) ……..……………………………………… 4

*Doe v. Claiborne Cty.*
    103 F.3d 495 (6th Cir. 1996) ……………………………………………… 14

*Doherty v. Am. Motors Corp.*
    728 F.2d 334 (6th Cir. 1984) ……………………………….……….. 15

*Enertech Elec. v. Mahoning County Comm'rs*
  85 F.3d 257 (6th Cir. 1996) ……………………………………….…………. 10

*Ercegovich v. Goodyear Tire & Rubber Co.*
  154 F.3d 344 (6th Cir. 1998) …………………………………...………… 8

*Griffin v. Breckenridge*
  403 U.S. 88 (1971) ……………………………………………….… 15

*Grinter v. Knight*
  532 F.3d 567 (6th Cir. 2008) ……………………………...………… 6

*Hafer v. Melo*
  502 U.S. 21 (1991) ………………………………………………..…… 14

*Henry v. Metro. Sewer Dist.*
  922 F.2d 332 (6th Cir. 1990) …………………………………………… 7

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*
  926 F.2d 505 (6th Cir. 1991) …………………………………… 16, 17

*Jan Rubin Assocs. v. Hous.*
  2007 U.S. Dist. LEXIS 24116 (E.D. Ky 2007) ……………………...… 11

*Jett v. Dallas Indep. Sch. Dist.*
  491 U.S. 701, 733 (1989) …………………………………………….. 6

*Jones v Powell*
  462 Mich 329 (2000) ………………………………………..…… 18

*Keywell and Rosenfeld v. Bithell*
  254 Mich. App. 300 (2003) ………………………………….…… 21

*Klochko Equipment Rental Co., Inc. v. Village Green Construction, L.L.C.,*
  2003 Mich. App. LEXIS 1429, (Mich. Ct. App. June 17, 2003) ………… 21

*Ludwig v. Bd. of Trustees of Ferris State Univ.*
  123 F.3d 404 6th Cir. 1997) ………………………………………….. 12

*Manbeck v. Katonah-Lewisboro Sch. Dist.*
    64 Fed. Appx. 61 (SDNY 2008) …………………………………..………. 8

*Matthews v. Jones*
    35 F.3d 1046 (6th Cir. 1994) ………………………………………..… 14

*McCormick v. Miami Univ.*
    693 F.3d 654, 659-661 (6th Cir. 2012) …………………………………. 6

*McDonnell Douglas v. Green*
    411 U.S. 792 (1973)…………………… ……….…………………….… 6

*Med Corp., Inc. v. City of Lima*,
    296 F.3d 404 (6th Cir. 2002) ……………………………….…………. 12

*Meyers v. Vill. of Oxford*
    739 Fed. Appx. 336 (6th Cir. 2008) ………………………..……………. 12

*Michigan Podiatric Medical Ass'n v. Nat'l Foot Care Program*
    175 Mich. App. 723 (1989) ………………………………..……….. 19

*Old Dominion Dairy Products, Inc. v. Secretary of Defense*
    631 F.2d 953 (D.C. Cir. 1980) ……………………………..………. 12, 13

*Peterson Enterprises, Inc. v. Ohio Dep't of Mental Retardation*
    890 F.2d 416 (6th Cir. 1989) ………………………………..…….. 10

*Raymond James v. Leonard & Co.*
    411 F. Supp. 2d 689 (6th Cir. 2006) ………………………………...…. 20

*Reed v. Michigan Metro Girl Scout Council*
    201 Mich. App. 10 (1993) ……………………………………………. 20

*Seguin v. City of Sterling Heights*
    968 F.2d 584 (6th Cir. 1992) …………………………………...……… 16

*Shepherd Montessori Center Milan v. Ann Arbor Chtr. Twp.*
    486 Mich. 311 (2010) ……………………………………………..… 17

*Shorts v. Bartholomew*
    255 Fed. Appx. 46 (6th Cir. 2007) ………………………….……… 14

*Three Rivers Cablevision, Inc. v. Pittsburgh*
    502 F. Supp. 1118 (W.D. Pa. 1980) …………….…………………….. 10

*Transco Secur., Inc. v. Freeman*
    639 F.2d 318 (6ᵗʰ Cir. 1981) ……………….……………………… 11, 13

*Watkins v. Ford*
    69 Mich. 357 (1888) ……………………………………………...… 21

*Watts v. Lyon County Ambulance Serv.*
    23 F. Supp. 3d 792 (2014) …………………………………………..… 17

*Will v. Michigan Dep't of State Police*
    *491 U.S. 58 (1989)* ……………………………………………………. 14

*Williams v. Richland County Children Servs.*
    489 Fed. Appx. 848 (6th Cir. 2012) ……………………………….….. 4

**Federal Statute**

42 U.S.C. § 1981 ……………………………………….……… 2, 5, 6, 7, 8, 9

42 U.S.C. § 1983 …………………..…………………… 2, 6, 7, 11, 13, 18

42 U.S.C. § 1985(3) …………….………………………....…………… 2, 15

**State Statute**

M.C.L. § 600.2145 …………………………………..………………...…. 21

**Court Rules**

Rules 12(b)(6) ……………………………………………………….….. 4

Rules 12(c)…. …………………………………………………………….. 4

# INTRODUCTION

This case is, at best, a disappointed bidder matter.  It arises from a Request for Proposal ("RFP") issued by Defendant Detroit Public Lighting Authority ("Defendant" or "Defendant PLA") on June 12, 2020 for vendors to bid on a Construction and Maintenance Agreement for the repairs and maintenance of the City of Detroit's streetlights which was scheduled to commence in November of 2020 ("2020 Maintenance Contract"). Defendant Beau Taylor ("Taylor") serves as Executive Director of the PLA. The Board of Directors of Defendant PLA consists of Defendants Dr. Lorna Thomas ("Dr. Thomas"), Patrick Padgett ("Padgett"), Rod Parker ("Parker"), Melvin Hollowell ("Hollowell"), and Ric Pruess ("Pruess").[1] Stateline Construction and Maintenance LLC ("Plaintiff" or "Plaintiff Stateline") is a minority-owned business owned and managed by Plaintiff Ernest Coger ("Coger")[2], that responded to the RFP and was subsequently denied the 2020 Contract.  (ECF No. 6, PageId. 284).

According to Plaintiffs, Defendant PLA, the Board Members in their official and individual capacities, and its Executive Director in his official and individual capacity, violated their rights under 42 U.S.C. § 1981 ("Count I"), 42 U.S.C. § 1983 ("Count II"), Civil Conspiracy under 42 U.S.C. § 1985(3) ("Count III"); Equal

---

[1] All Defendants are collectively referred to as "Defendants".
[2] Both Plaintiffs are collectively refereed to as "Plaintiffs".

Protection and Due Process Under Articles 1, §§ 2 and 17 of the Michigan Constitution of 1963 ("Count IV"); Tortious Interference with business Relations and Prospective Business Relations ("Count V") and Account Stated ("Count VI").[3]

For the reasons set forth below, dismissal of these claims as to the Defendants is appropriate.

## SUMMARY OF PERTINENT COMPLAINT ALLEGATIONS

As part of its efforts to obtain and maintain safety and security in the City of Detroit, Defendant PLA contracts with vendors to assist in maintaining the lighting structures in the City. Defendant PLA commits itself to utilizing Detroit and Michigan based businesses when possible. (ECF No. 61, PageID 416). On October 18, 2017, Defendant PLA contracted with Plaintiff Stateline to provide services to Defendant PLA's lighting infrastructure ("2017 Maintenance Contract"). (ECF No. 6, PageID 276). Throughout the term of the 2017 Contract, Plaintiff Stateline alleges that it handled more than twenty-five thousand (25,000) workorders for the PLA. (ECF No. 6, PageID 276).

Plaintiff Stateline alleges that during the course of the relationship with the Defendant PLA, Taylor, attempted to persuade them to do business with a competitor, LeCom. (ECF No. 6, PageID 277). Plaintiff Stateline also alleges that

---

[3] Plaintiffs Statement of the Case includes that causes of action under the theories of Equal Protection and Due Process under Amendment 5, as well as for Breach of Contract, however Plaintiff's Complaint does not provide counts or allegations under those theories.

Taylor had a personal relationship with the principals of LeCom. (ECF No. 6, PageID 277). Plaintiff Stateline further claims that Taylor failed to evaluate Plaintiff Stateline's performance fairly, and that evaluation was in contrast to similarly situated contractors. (ECF No. 6, PageID). Plaintiff Stateline reasons that due to his racial animus of Coger, Taylor also withheld the award of unidentified contracts to them (ECF No. 6, PageID. 278). Plaintiff Stateline claims to have fairly won the bid as they were the lowest bidder, however, they were not awarded the contract (ECF No 6, PageID 279).[4] Plaintiffs admits that during the course of their performance under the 2017 Contract, they agreed to enter into a Last Chance Agreement with the Defendant PLA. (ECF No. 6, PageID 278).

Plaintiff admits to responding to the RFP in hopes of being awarded the 2020 Maintenance Contract (ECF No. 6, PageID 279) and subsequently interviewed with Defendant PLA's evaluation panel. (ECF No. 6, PageID 279). After considering the responses to the RFPs and interviews, the PLA Board of Directors approved the Executive Director, Taylor, to enter into negotiations with the successful bidders, Universal and Harlan Electric for the 2020 Maintenance Contract. (ECF No. 6, PageID. 280). The Board of Directors subsequently approved the 2020 Maintenance Contracts with Universal and Harlan Electric. *Id.*

---

[4] Review of Exhibit H, evidence provided by Plaintiff suggesting that they won the bid as they were the lowest bid reflects that Harlan was the actual lowest bidder with a total bid of $2,433,207.91 versus Plaintiffs' $2,554,020.60 total bid.

Plaintiffs allege that at the meetings in which the Board reviewed and approved the 2020 Maintenance Contract, irregularities occurred. Specifically, the Board's chair consolidated items for discussion. (ECF No. 6, PageID. 281). Plaintiff further alleges violations of the Open Meetings Act.[5] Plaintiffs further complain that they had no method of contesting the award of the 2020 Contract. (ECF No. 6, PageID 282).

## ARGUMENT

### I.      Standard of Review

Generally, in deciding a motion to dismiss under Rules 12(b)(6) and 12(c), a court must construe the complaint in the light most favorable to a plaintiff and draw all reasonable inferences in his or her favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, courts "may no longer accept conclusory allegations that do not include specific facts necessary to establish the cause of action." *Williams v. Richland County Children Servs.*, 489 Fed. Appx. 848 (6th Cir. 2012) (citations omitted). To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To establish "facial plausibility," the plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause

---

[5] Plaintiffs' Amended Complaint does not include a claim for violation of the Open Meetings Act.

4

of action," but rather must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

## II. Plaintiffs fail to State a Claim under 42 U.S.C. § 1981 against the PLA Defendants

### A. Controlling Legal Principles

42 U.S.C. § 1981 "prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors." *Christian v. WalMart Stores, Inc.*, 252 F.3d 862, 867-68 (6th Cir. 2001). The statute's protection extends to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

"In order to establish a claim for racial discrimination under section 1981, a plaintiff must plead and prove that: (1) they belong to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against them on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006). "When a claimant seeks to prove intentional discrimination inferentially in a section 1981 case, federal courts follow the burden-shifting framework that the Supreme Court has prescribed for analogous civil rights cases described in *McDonnell Douglas v. Green*." *Amini*, 440 F.3d at 358.

## B. Plaintiffs *cannot* state a Claim under 42 U.S.C. § 1981 against the PLA Defendants as a Matter of Law

Though Plaintiffs allege that the PLA Defendants violated § 1981, these alleged constitutional violations must be enforced through § 1983. In *Arendale v. City of Memphis*, 519 F.3d 587 (6th Cir. 2008), the Sixth Circuit held that "'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units," and that "'no independent cause of action against municipalities is created by § 1981(c).'" *Arendale*, 519 F.3d at 598-599 (quoting from *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)); see also *McCormick v. Miami Univ.*, 693 F.3d 654, 659-661 (6th Cir. 2012) (concluding that § 1983 is the exclusive mechanism to vindicate violations of § 1981 by an individual state actor acting in his official or individual capacity); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (finding that "§ 1983 provides an exclusive remedy for violations against state actors sued in their official capacities"; thus "[a]n official capacity lawsuit against . . . a state actor, for constitutional violations, such as race discrimination, cannot be brought under §1981."); and *Carmichael v. City of Cleveland*, 571 Fed. Appx. 426, 431 (6th Cir. 2014) (holding that "§1981, as amended by the Civil Rights Act of 1991, does not provide a private cause of action against governmental entities or state actors in their official or individual capacities.") Accordingly, because Plaintiffs fail to state a §1981 claim, dismissal of the claim is appropriate.

### C. Assuming Arguendo that Plaintiffs could state a Claim under 42 U.S.C. §1981 against the PLA Defendants, the Claim is Not Facially-Plausible

#### 1. Plaintiffs fail to Allege that the PLA Defendants Intentionally Discriminated Against Them Racially

Plaintiffs fail to provide support for the required second element of their prima facie § 1981 claim, i.e., that the PLA Defendants discriminated against them because of race. Specifically, pursuant to this claim, Plaintiffs allege the following: Defendants engaged in conduct to deprive Plaintiffs of their right to contract. (ECF. No. 6, PageID. 283); Defendants deprived Plaintiffs of a contract that they won "fair in [sic] square". (ECF No. 6, PageID. 284); and Defendants denied Plaintiffs the opportunity to have their bid properly evaluated, and the opportunity to protest the bid award. *Id.*

To establish a claim for violation of the Equal Protection Clause or § 1981, Stateline must demonstrate that the PLA discriminated against it because of a protected trait, in this case, minority-owned. *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (stating that a § 1983 plaintiff alleging an Equal Protection violation "must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class"). Stateline could potentially establish discrimination by demonstrating "that the government treated it disparately as compared to similarly situated persons . . . ." *Club Italia Soccer & Sports Org., Inc v. Charter Twp. Of Shelby*, 479 F.3d 286, 298 (6th Cir. 2006).

Here, Plaintiff fail to allege race discrimination with facial plausibility. A cause of action under  42 USCS § 1981 cannot stand when and "[a]mended Complaint … devoid of any assertions regarding racial discrimination". *Manbeck v. Katonah-Lewisboro Sch. Dist.*, 435 F. Supp. 2d 273, 2006 U.S. Dist. LEXIS 41090 (S.D.N.Y. 2006), aff'd, 264 Fed. Appx. 61, 2008 U.S. App. LEXIS 2981 (2d Cir. 2008).

Further, Plaintiffs have not alleged that any similarly situated vendor was treated differently, i.e. had the opportunity to protest the bid award or had the opportunity to speak at public Board meetings. Plaintiffs are silent as it relates to a similarly situated vendor. For purposes of equal protection analysis, the persons allegedly similarly situated must be similar in all material respects. *Bobo v. United Parcel Service, Inc.,* 665 F.3d 741, 751 (6th Cir. 2012), citing *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 at 353 (6th Cir. 1998); *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 574-575 (6th Cir. 2008). Plaintiff's equal protection claim alleges that Plaintiff was treated differently than unidentified, similarly situated applicants. Here, those vendors must maintain a similar performance issues and history of fraudulent intent as Plaintiffs. As Plaintiffs have not, and cannot support this allegation, dismissal of Plaintiffs' § 1981 claim is appropriate.

### 2.  Plaintiffs fail to Allege that the PLA Defendants Abridged a Right enumerated in 42 U.S.C. § 1981(a)

Plaintiffs fail to allege the third element of their § 1981 claim, i.e., that that the PLA Defendants abridged a right enumerated in § 1981(a). Section 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contract". Paragraph (b) defines "make and enforce contracts" as follows: "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. They must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined from an independent source such as state law - rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). Protected property interests are created by the operation of state law, while federal law determines whether the interest created, if any, rises to the level of a constitutionally protected property interest. *Id*.

A constitutionally protected property interest in a publicly bid contract can be demonstrated in two ways: (1) A bidder can either show that it actually was awarded the contract and then deprived of it, or (2) that, under state law, the public body had limited discretion, which it abused, in awarding the contract. *Enertech Elec. v. Mahoning County Comm'rs*, 85 F.3d 257, 260 (6th Cir. 1996).

The proposition that a disappointed bidder has a constitutionally protected property interest in the procedures used for awarding contracts has been rejected. *Peterson Enterprises, Inc. v. Ohio Dep't of Mental Retardation*, 890 F.2d 416, (6th Cir. 1989) (citing *Three Rivers Cablevision, Inc. v. Pittsburgh*, 502 F. Supp. 1118 (W.D. Pa. 1980)).  The Court in *Peterson* court held that any property interest is found in the benefit whose enjoyment is sought to be regulated by the procedure, namely, the award of the contract. *Id*.

Even if the Court accepts Plaintiff's allegations as true, that the bidding procedure was unfair, it cannot establish a due process violation solely from such a procedural violation. Plaintiffs allege that the PLA denied it "the right to win a renewal of the Maintenance Contract. (ECF No. 6, PageID 284). Plaintiffs possess no such right.  Plaintiffs would have to show that they had a protected interest in the actual award of the contract.

Although valid contracts may constitute a property interest for purposes of due process, (*Curtis Ambulance v. Shawnee Bd. Of County Comm'rs*, 811 F.2d 1371,

1375 (10th Cir. 1987)), there is no legal right of entitlement when the award of a contract, following the issuance of a RFP, which extends only an invitation to negotiate, rather than a binding agreement. *Jan Rubin Assocs. v. Hous.*, 2007 U.S. Dist. LEXIS 24116 (E.D. Ky 2007).

Here, the Contract between Plaintiffs and Defendant expired on October 18, 2020 and the extension expired on November 1, 2020. (ECF No. 6, PageID. 276). There has been no suggestion by Plaintiffs that they had a right of first offer, or otherwise had a right or entitlement to continue to perform under the Maintenance Contract beyond the date that it expired. Additionally, Plaintiffs have not alleged that they were awarded a contract beyond November 1, 2020 and then were deprived of it. Accordingly, dismissal of Plaintiffs' § 1981 claim is appropriate.

## III.    Plaintiffs fail to State a Claim under 42 U.S.C. § 1983 against the PLA Defendants

### A.    Controlling Legal Principles

"One who has been dealing with the government on an ongoing basis may not be blacklisted, whether by suspension or debarment, without being afforded procedural safeguards including notice of the charges, an opportunity to rebut those charges, and, under most circumstances, a hearing." *Transco Secur., Inc. v. Freeman*, 639 F.2d 318, 321 (6th Cir. 1981).

The deprivation of the right to bid on government contracts is not a property interest; however, the bidder's liberty interest is affected when that denial is based

on charges of fraud and dishonesty. *Old Dominion Dairy Products, Inc. v. Secretary of Defense*, 631 F.2d 953, 955 (D.C. Cir. 1980). The Sixth Circuit has found that liberty interests are implicated only when five elements are satisfied:

> First, the allegedly stigmatizing statements must be made in connection with 'the loss of a governmental right, benefit, or entitlement.' Second, a plaintiff alleging an injury to a liberty interest must show that the defendant made defamatory statements 'that [would] foreclose his freedom to take advantage of other employment opportunities.' Third, 'the stigmatizing statements or charges must be made public.' 'Fourth, the plaintiff must claim that the charges made against him were false.' And 'lastly, the public dissemination must have been voluntary.'

*Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 414 (6th Cir. 2002); *see also Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404, 410 (6th Cir. 1997); *Dibrito v. City of St. Joseph*, 675 Fed. Appx. 593, 599 (6th Cir. 2017); and *Meyers v. Vill. of Oxford*, 739 Fed. Appx. 336, 341 (6th Cir. 2008).

### B. Plaintiffs fail to state a § 1983 Claim against the PLA Defendants

Plaintiffs allege, *inter alia*, that "[t]he Defendants have engaged in a continuous course of conduct aimed at depriving Plaintiffs of their right to contract with the Authority," that Defendants deprived "Plaintiffs of contract awards that they won fair in [sic] square," and denied "Plaintiffs their right to contract including failing to properly evaluate their bid in a matter consistent with fairness." (ECF No. 6, PageID. 285-286).

First, as a threshold issue, Plaintiffs' § 1983 claim must be predicated on the alleged deprivation of a liberty or property interest. Plaintiffs allege neither here;

and, importantly, they have no property interest in the right to bid on government contracts as a matter of law. *Transco* at 321-323, *cert. denied*, 454 U.S. 820 (1981); *see also Old Dominion Dairy Products, Inc.*, 631 F.2d at 955. Therefore, Plaintiffs fail to state a § 1983 claim against the PLA Defendants.

Second, Plaintiffs allege no facts to even suggest that the PLA Defendants deprived them of a liberty interest. Plaintiffs ability to bid on the Contract does not provide it the right to be awarded the Contract. The PLA Defendants properly evaluated the RFP Response (ECF No. 6-1, PageID. 335-341) as well as the previous issues of fraud perpetrated by Plaintiffs upon Defendant (ECF No. 1-1, PageID. 139; ECF No. 6-1, PageID. 333, 441-449). The denial, however, made no stigmatizing allegations against Plaintiffs and Plaintiffs do not allege that the PLA Defendants publicized the denial that would foreclose Plaintiffs' freedom to take advantage of other contract or bid opportunities. As such, no liberty interest was implicated here.

Third, assuming counterfactually that a liberty interest is implicated, the PLA Defendants satisfied the requirements of due process here. These requirements include an opportunity for a hearing appropriate to the nature of the case. *Boddie v. Connecticut*, 401 U.S. 371 (1971). In other words, "due process of law signifies a right to be heard in one's defence." *Id*. at 377 (quoting from *Hovey v. Elliott*, 167 U.S. 409, 417 (1897). Here, Plaintiffs admit that they "filed a formal bid protest" (ECF No. 6, PageID. 281), and attended several Board meetings to express their

13

concerns with the bid process, although they do not consider their opportunity to speak as "meaningful". (ECF No. 6, PageID 284).

Finally, because "official-capacity" suits are treated as suits against the municipality in the context of § 1983 claims, Plaintiffs fail to state a claim against Defendants Dr. Thomas, Padgett, Parker, Hollowell, Pruess, or Taylor.  *Shorts v. Bartholomew*, 255 Fed. Appx. 46, 49 (6th Cir. 2007); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Accordingly, dismissal of Plaintiffs' § 1983 claim is appropriate.

"A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994)* (citing *Will v. Michigan Dep't of State Police, 491 U.S. 58, 68, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989))*. "As long as the governmental entity receives notice and an opportunity to respond, an official-capacity suit 'imposes liability on the entity that he represents.'" *Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003)* (quoting *Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985))*. The Sixth Circuit routinely dismiss duplicative official-capacity claims. *See, e.g.*, *Doe v. Claiborne Cty., 103 F.3d 495, 509 (6th Cir. 1996)*; *Cavanaugh v. McBride, 33 F. Supp. 3d 840, 848-49 (E.D. Mich. 2014)*.

Here, all individual Defendants are officials of the PLA. The Board Members were directly appointed by the Mayor of the City of Detroit and/or City Council. (ECF No. 6, PageID. 276). Further, Defendant PLA has clearly received notice of

this lawsuit as it is a named defendant and has responded to the Amended Complaint. Therefore, all claims brought against Dr. Thomas, Padgett, Parker, Hollowell, Pruess, and Taylor in their official capacity are duplicative of the claims against the PLA. Further, Plaintiffs have not alleged that Board Members or Taylor committed an unsanctioned act outside of their official capacity. In fact, Taylor is the only individual mentioned by name throughout Plaintiff's Amended Complaint and Plaintiff has not referenced any act done by him or any of the Board Members individually. Therefore, all claims against Dr. Thomas, Padgett, Parker, Hollowell, Pruess, and Taylor must be dismissed.

## IV. Plaintiffs' Civil Conspiracy Claim Pursuant to 42 USC § 1985(3) Must be Dismissed

Plaintiff makes the argument that Defendant PLA and the individual defendants conspired against them pursuant to 42 USC § 1985(3). Under section 1985(3), a plaintiff must plead a conspiracy is motivated by racial or other class-based discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 102-03, 29 L. Ed. 2d 338, 91 S. Ct. 1790 (1971); *see also Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268-278, 122 L. Ed. 2d 34, 113 S. Ct. 753 (1993).

In Plaintiff's sole reference of racial animus, it alleges "[t]hat because of his racial animus against the Plaintiffs, Defendant Taylor has withheld the award of contracts that Stateline has rightly won through a competitive bid process". (ECF No. 6, PageID. 278). Stateline has not provided any other claim or suggestion of

15

racial or class-based animus, and it is virtually impossible to imagine any under the facts alleged here. *Seguin v. City of Sterling Heights,* 968 F.2d 584, 590 (6th Cir. 1992) (land owners challenging rezoning regulation were not a "class" within the meaning of *Breckenridge*). Interestingly, Stateline has failed to allege or state any facts constituting any conspiracy between the defendants. Therefore, Plaintiffs' complaint fails to state a claim under section 1985(3).

Further, even if this Court were to determine that the individuals were properly named defendants, this Court cannot find that they took part in a conspiracy because all of the Defendants are members of the same legal entity, the PLA. The intra-corporate conspiracy doctrine would bar Plaintiffs' claims. [T]he intra-corporate conspiracy doctrine . . . provides that a corporation cannot conspire with its own agents or employees. *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984). The doctrine is applicable in claims brought pursuant to 42 U.S.C. § 1985. *Amadasu v. The Christ Hosp.,* 514 F.3d 504, 507 (6th Cir. 2008). Where all of the defendants are members of the same collective entity, the law does not recognize the existence of two separate "people" that is necessary to form a conspiracy. *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991) (applying intra-conspiracy doctrine to a school district superintendent, the executive director of the district, and a school administrator, all of whom were

employees or agents of the Board). Board members are agents of the Board. *Watts v. Lyon County Ambulance Serv*., 23 F. Supp. 3d 792, 2014 U.S. Dist. LEXIS 74598.

Here, Plaintiff has failed to even allege how each named Board Member conspired with each other, the Executive Director, or the PLA. Further, as determined by *Hull*, the PLA, the Executive Director and the Board Members constitute a single entity for purposes of a claim of conspiracy. Therefore, Plaintiffs' claim for Civil Conspiracy must be dismissed with prejudice.

## V.   Plaintiffs' Claims Under the Michigan Constitution Must be Dismissed

Plaintiffs' Amended Complaint invokes this Court's supplemental jurisdiction over their claims under the Michigan Constitution for violations of due process of law, Mich. Const., art. I, § 17[6] , and equal protection of the laws, art. I, § 2.[7] These constitutional provisions are construed co-extensively with their federal counterparts found in the U.S. Const, Am. XIV, § 1. *Shepherd Montessori Center Milan v. Ann Arbor Chtr. Twp*., 486 Mich. 311, 319- 320, 783 N.W.2d 695 (2010); *Cummins v. Robinson Twp*., 283 Mich. App. 677, 700–701, 770 N.W.2d 421 (2009). These claims are simply duplicative of the claims under the federal constitution and add no additional true causes of action.

---

[6] "No person shall be … deprived of life, liberty or property, without due process of law. The right of all individuals, firms, corporations and voluntary associations to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed."

[7] "No person shall be denied the equal protection of the laws[.]"

Moreover, under Michigan's constitutional jurisprudence, only the State of Michigan may be held liable for damages for a violation of the Michigan Constitution; municipal governments and their officials or employees may not be held so liable. *Jones v Powell*, 462 Mich 329, 335-337; 612 NW2d 423 (2000). This is due to the fact that the provisions of the Michigan Constitution and the U.S. Constitution are co-extensive in most respects, and a person whose rights were allegedly violated may sue for damages under federal civil rights laws (i.e. 42 U.S.C. § 1983). *Id.* at 337. The State of Michigan may not, however, be sued for damages under the U.S. Constitution because of its Eleventh Amendment immunity. *Id.* Therefore, the Michigan Supreme Court has recognized a cause of action for damages under the state Constitution against the State of Michigan, only, because otherwise, a person would be left without a damages remedy for a constitutional violation by the State. Municipalities and municipal officials do not enjoy the same sovereign immunity under the federal Constitution, and as such, are subject to suit for federal constitutional violations. *Id.* Therefore, the Michigan Supreme Court declines to infer a judicially-created remedy for violation of the Michigan Constitution. *Id.* at 336. Plaintiffs have invoked remedies afforded to them under 42 U.S.C. § 1983, therefore the claim for damages under the Michigan Constitution must fail and should be dismissed as a matter of law.

## VI.  Plaintiffs' Cannot Establish a Prima Facie Claim for Tortious Interference with Business or Prospective Business Relations

Stateline next makes the factually and legally unsupported allegation that by properly awarding the Maintenance Contract to Harlan and Universal, the PLA interfered with Stateline's business relations. This is an untenable allegation. To establish a prima facie case of tortious interference with a business relationship, plaintiffs must show:

> (1) the existence of a valid business relation or expectancy; (2) knowledge of the relationship or expectancy on the part of the defendant interferer; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. [O]ne who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another.

*Michigan Podiatric Medical Ass'n v. Nat'l Foot Care Program*, 175 Mich. App. 723, 735-36, 438 N.W.2d 349 (1989).

"To establish tortious interference, a plaintiff must show that the defendant unjustifiably instigated a breach of contract . . . . [O]ne who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another. *Cmi Int'l v. Intermet Int'l Corp.*, 251 Mich. App. 125, 131 (2002). "Where

the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference." *Raymond James v. Leonard & Co.,* 411 F. Supp. 2d 689, 698 (6th Cir. 2006) (quoting *BPS Clinical Laboratories v. Blue Cross & Blue Shield of Michigan*, 217 Mich. App. 687, 699, 552 N.W.2d 919 (1996)).

Here, while Plaintiff Stateline enjoyed the benefit of being awarded the 2017 Maintenance Contract in October of 2017 which was extended through October 18, 2020, and the extension of the 2017 Maintenance Contract through November 1, 2020, this business relationship does not entitle Stateline to the award of the 2020 Contract. The Plaintiff PLA's denial of Stateline does not prohibit it from seeking and entering into contracts elsewhere.

Moreover, the Plaintiff has an obligation to the protect the safety of the public and the funding it receives by not engaging a company that was previously, and admittedly, involved in the fraudulently obtained funds from the PLA. (ECF No. 6-1, PageID. 441-449).

Further, Plaintiff Stateline claims that by not awarding it with the 2020 Maintenance Contract, Plaintiff interfered with its right to contract with the PLA. (ECF No. 6, PageID. 288). "[T]o maintain a cause of action for tortious interference, the plaintiffs must establish that the defendant was a 'third party' to the contract or business relationship." *Reed v. Michigan Metro Girl Scout Council*, 201 Mich. App.

20

10, 13 (1993); also see *Baker v. Couchman*, 271 Mich. App. 174, 199 (2006) ("the interferer in the business relationship must be a stranger to the established relationship"). Here, Defendant cannot meet this requirement because Plaintiff is not a third party or a stranger to the business relationship; rather, it was a party to the relationship. Thus, "[a] cause of action for tortious interference is precluded." *Cook v. Little Caesar Enters., Inc.*, 210 F.3d 653, 660 (6th Cir. 2000).

## VII. Plaintiffs Cannot Establish a Prima Facie Claim for Accounts Stated

In their final claim, Plaintiffs' allege a claim for $133,380.00 under the state law theory of Account Stated. A prima facie claim of account stated may be established by: (1) serving the defendant with an affidavit of the amount due pursuant to M.C.L. § 600.2145, accompanied by proof that the defendant failed to file a counter-affidavit denying the debt; or (2) "through evidence of an express understanding, or words and acts, and the necessary and proper inferences thereon." *Klochko Equipment Rental Co., Inc. v. Village Green Construction, L.L.C.*, No. 235599, 2003 Mich. App. LEXIS 1429, (Mich. Ct. App. June 17, 2003) (citing *Keywell and Rosenfeld v. Bithell*, 254 Mich. App. 300, 331, 657 N.W.2d 759 (2003)). However, "[w]here a plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance." *Keywell* at 331 (quoting *Watkins v. Ford*, 69 Mich. 357, 361, 37 N.W. 300 (1888)).

Here, Plaintiffs did not serve Defendants with a statutory affidavit pursuant to M.C.L. § 600.2145 in either their Complaint or Amended Complaint. Defendants appear attempt to provide an attestation to the amounts due by providing a number of "Sworn Statements" from the years of 2016 and 2017 for invoices no longer due and owing to Plaintiff as they were not services provided by Plaintiff. (ECF No. 6-1, PageID. 457, 461, 45, 469, 472, 480, 484, 486).

Plaintiffs appear to attempt to establish mutual dealings by providing their prior invoices, Purchase Order Agreements, and check. There was not meeting of the minds between Plaintiffs and Defendant for Defendant PLA to pay the amounts stated on the invoice. This is particularly egregious because Defendant was found to have submitted the altered invoices for call center services from Bennett Answering Service to Defendant PLA for payment while paying the subcontractor the true invoice amount. (ECF No. 13-5, PageID. 759-761). Defendant PLA became aware of the scheme when Bennett contacted the Defendant PLA due to Plaintiffs failure to pay their invoices. (ECF No. 13-6, PageID. 766). Bennett forwarded Defendant PLA copies of the outstanding invoices and when compared to the invoices submitted to Defendant PLA for reimbursement, it was clear that the submitted invoices were manipulated to support Plaintiff Stateline's request for a higher reimbursement.

When Defendant PLA became aware that this was an issue of potential misappropriation of funds, Taylor forwarded the matter of the invoices to the City of Detroit Office of Inspector General, who in turn referred it to the Wayne County Prosecutor's Office. *Id. at 767.* On October 22, 2019, the Prosecutor's Office arraigned Ernest Coger and Stateline Resident Agent Melanie Steele for embezzlement and using false pretenses to obtain over $20,000 from the PLA. The Court, however, found enough evidence to be bound over for two counts of false pretenses of obtaining a value more than $1,000 but less than $20,000. (ECF No. 6-1, PageId. 445-446).

Plaintiffs now, after the expiration of the 2017 Maintenance Contract, and while part of a Diversion Program related to these acts of potential fraud, continue to seek over two years' worth of payments at this inflated, unsubstantiated rate. (ECF No. 13-7, PageID. 772).

Given Plaintiffs' history of manipulating invoices in order to obtain funds from Plaintiff under false pretenses (ECF No. 1-1, PageID. 139; ECF No. 6-1, PageID. 333, 441-449). Plaintiff has not come forward with evidence that would allow a reasonable jury to infer that Plaintiff ever agreed with Defendant $133,380.00. Therefore, this claim must be dismissed.

## **<u>REQUEST FOR RELIEF</u>**

Defendant Detroit Public Lighting Authority respectfully requests that this Honorable Court dismiss Plaintiffs' claims against it with prejudice pursuant to Federal Rule of Civil Procedure 12(c), and Defendants Dr. Lorna Thomas, Patrick Padgett, Rod Parker, Melvin Hollowell, Ric Pruess, and Beau Taylor respectfully request that this Court dismiss Plaintiffs' claims against them with prejudice pursuant to Rule 12(b)(6).

Respectfully Submitted,

**THE ALLEN LAW GROUP, P.C.**

By:  /s/ Monica N. Hunt
Monica N. Hunt (P68838)
Monifa K. Gray (P69072)
3011 W. Grand Blvd., Suite 2500
Detroit, Michigan 48202
(313) 871-5500

Dated:  December 30, 2020

24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that December 30, 2020, I did serve the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record registered for electronic filing.

By:   /s/ Monica N. Hunt
        Monica N. Hunt, Attorney
        2500 W. Grand Blvd., Suite 2500
        Detroit, Michigan 48202
        (313) 871-5500
        mhunt@alglawpc.com

Dated:  December 30, 2020