UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE LINE CONTRSTRUCTION
AND MAINTENANCE, LLC, et al.,

    Plaintiffs,

vs.

DETROIT PUBLIC LIGHTING
AUTHORITY, et al.,

    Defendants.
_____/

Case No. 20-13063

HON. MARK A. GOLDSMITH

**ORDER (1) GRANTING DEFENDANT'S MOTION TO STRIKE CROSS-CLAIMS (Dkt. 26), (2) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (Dkt. 11), (3) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS (Dkt. 22), (4) DISMISSING THE INDIVIDUAL DEFENDANTS, (5) DISMISSING CERTAIN CLAIMS, AND (6) DIRECTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT**

On June 15, 2021, the Court held a telephonic status conference with the parties. As discussed during the conference, it is the Court's view that the parties should initially attempt to resolve the dispute through facilitation, to be followed by an accelerated period of discovery if those efforts are not fruitful. In order to assist the parties' efforts toward facilitation and to streamline the pleadings, the Court orders the following:

1. Defendant Detroit Public Lighting Authority's (PLA) unopposed motion to strike Plaintiffs' cross-claims is granted. Mot. to Strike (Dkt. 26). The cross-claims advanced in Plaintiffs' answer to PLA's counterclaim, see Pls. Answer at 10–13 (Dkt. 23), are procedurally improper because Federal Rule of Civil Procedure 13(g) permits cross-claims to be asserted only against co-parties and not against opposing parties, see Bank v. City of Philadelphia, 991 F. Supp. 2d 523, 534 (E.D. Pa. 2014); see also 6 Charles Alan

Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 1431 (3d ed. 2020) ("Clearly, a crossclaim may not be asserted against a party on the opposite side of the action.").

2. Plaintiffs are granted leave to file an amended complaint withdrawing any claims that have been abandoned and asserting any claims involving the transaction or occurrence that forms the basis of the dispute, including the stricken cross-claims. Any amended complaint must be filed within seven days after issuance of this order. The Court will not be inclined to grant further opportunities to amend the complaint.

3. Plaintiffs' second amended complaint advanced claims against PLA only and not against individual Defendants Dr. Lorna Thomas, Patrick Padgett, Rod Parker, Ric Preuss, Melvin Hollowell, and Beau Taylor. See Second Am. Compl. at 1 (Dkt. 19). Accordingly, these individual Defendants are dismissed.

4. Plaintiffs' first amended complaint asserted constitutional claims under 42 U.S.C. § 1981 and a civil conspiracy claim under 42 U.S.C. § 1985—these claims, however, were withdrawn in the second amended complaint. Compare First Am. Compl. at 12, 15 (Dkt. 6) with Second Am. Compl. Additionally, in their response to PLA's motion to dismiss, Plaintiffs agreed to dismiss their claims alleging violations of the Michigan Constitution and tortious interference with a business relation or expectancy. Resp. to Mot. to Dismiss at 16–17 (Dkt. 24). These claims are, therefore, dismissed.

5. Plaintiffs' motion for preliminary injunction is denied without prejudice (Dkt. 11). The motion is premised on a non-operative version of the complaint that includes claims that have been withdrawn—and the complaint is to be further amended, as provided above. Moreover, if facilitation proves unsuccessful, the parties are to engage in a period of

accelerated discovery. During that discovery period, Plaintiffs may file an updated motion for preliminary injunction.

6. PLA's motion to dismiss is denied without prejudice (Dkt. 22), for substantially the same reasons described with respect to the motion for preliminary injunction. Since the motion to dismiss was filed, Plaintiffs have agreed to dismiss certain claims and have refined the theory underlying their civil rights claim under 42 U.S.C. § 1983. See Resp. to Mot. to Dismiss at 10, 16–17. The claims at issue may further evolve, as the Court has granted Plaintiffs leave to file an amended complaint. Moreover, the parties are to work toward resolving their disputes through facilitation. If these efforts prove unsuccessful, PLA will have an opportunity to engage in a period of accelerated discovery and may thereafter file a renewed dispositive motion targeted to the updated pleadings.

SO ORDERED.

Dated: June 22, 2021  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge